*917 MEMORANDUM BY THE COURT
The plaintiff voluntarily entered into the termination contract of January 24, 1922, and it accepted the amount provided in that contract as full settlement and payment of all •demands which it had against the United States arising out ■of the 43 contracts for materials to be supplied to the United States. At the time it entered into this termination contract "the plaintiff had pending in this court a suit against the United States for the materials manufactured. After the payment to it of the sum of $378,743.05 it, of its own motion, made a motion to dismiss that suit, stating in the motion that the reason for it was that the claim' on which the cause was based “has been fully adjusted and settled between the •claimant and the United States.”
About two years after this settlement' was made the plaintiff brings this action, setting up therein the same cause of action and suing for the manufacture of materials which it sued for in the case which was dismissed on its own motion, and which are in part the subject matter of the termination contract. When parties adjust their controversies in their own way, execute the contract of adjustment, and receive *918 the benefits of it, this court will not undertake to set aside such a contract.
The plaintiff asks the court to give it a judgment for taxes which it has not yet paid. The court can not determine in advance of payment of taxes whether they are legally or illegally assessed. It is without jurisdiction to do so. Until the plaintiff pays the tax and complies with the requirements of law this court is without jurisdiction to determine its case.
GRAham, Judge, took no part in the decision of this case.